|  |  |  |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT:   JERMAINE D. STAPLETON<br>CASE NUMBER:   0758 3:20CR00066-001 | Judgment - Page 1 |

# United States District Court
## Western District of Wisconsin

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:**   0758 3:20CR00066-001 |
| JERMAINE D. STAPLETON | **Defendant's Attorney:**   Nathan Otis |

Defendant, Jermaine D. Stapleton, pleaded guilty to Count 1 of the superseding information.

Defendant has been advised of his right to appeal.

**ACCORDINGLY**, defendant is adjudicated guilty of the following offense(s):

| **Title & Section** | **Nature of Offense** | **Date Offense Concluded** | **Count Number(s)** |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) & (b)(1)(B) | Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing Methamphetamine, a Schedule II controlled substance, Class B felony | February 25, 2020 | 1 |

Defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.   If ordered to pay restitution, defendant shall notify the court and United States Attorney of any material change in defendant's economic circumstances.

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | 1983 | November 24, 2020 |
| **Defendant's USM No.:** | 11782-090 | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | | */s/ William Conley* |
| **Defendant's Mailing Address:** | c/o Dane County Jail<br>115 West Doty Street<br>Madison, WI   53703 | William M. Conley<br>District Judge |
| | | November 25, 2020 |
| | | Date Signed: |

# IMPRISONMENT

As to Count 1 of the superseding information, it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for a term of 78 months.

I strongly recommend that the defendant receive both substance abuse *and* mental health programming, including RDAP, as well as any appropriate educational and vocational opportunities available, and that he be afforded prerelease placement in a residential reentry center with dual-diagnosis treatment and work release privileges.

I also recommend the defendant's placement be at an appropriate institution as close to his mother in Minnesota as possible.

Although the defendant is in primary federal custody, he has pending Minnesota charges in Dakota County District Court Case No. 19HA-CR-19-958 and Hennepin County District Court Case No. 27-CR-19-12918, as well as pending probation violation proceedings in Goodhue County District Court Case No. 25-CR-17-2507 and Hennepin County District Court Case Nos. 27-CR-18-29053 and 27-CR-18-18916. According to the U.S. Supreme Court's ruling in *Setser v. United States*, 132 S.Ct. 1463 (2012), I have the discretion to impose a sentence that will run concurrently with or consecutively to any other sentence. (USSG § 5G1.3, Background Commentary). While I understand that the state judges may ultimately be in a better position to decide if incremental punishment is appropriate in light of the sentence I imposed today, I do impose this sentence to run concurrently with any state sentences in the cases identified above in order to give the defendant the best chance at sobriety, mental health treatment, and rehabilitation following what will be his first lengthy period of incarceration and lengthy federal supervised release. Of course, as too often happens, state cases pend as detainers for the duration of a defendant's federal sentence, and I acknowledge the possibility that any state terms of imprisonment would then run consecutively by default. Regardless, the defendant's federal sentence shall begin today.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

# RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

# SUPERVISED RELEASE

The defendant's term of imprisonment is to be followed by a 4-year term of supervised release, during which the defendant will be subject to the statutory mandatory conditions of supervision. In light of the nature of the offense and the defendant's personal history, I also adopt condition numbers **1 through 17** as proposed and justified in the presentence report, noting that neither party has raised any objections to those proposals.

If, when defendant is released from confinement to begin his term of supervised release, either the defendant or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

Defendant is to abide by the statutory mandatory conditions.

### Statutory Mandatory Conditions

Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

Defendant shall not illegally possess a controlled substance. The defendant is subject to drug testing according to 18 U.S.C. §§ 3563(a)(5) and 3583(d). Mandatory drug testing is not waived because the offense of conviction is a drug crime and the defendant has a history of drug abuse.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard and special conditions that have been adopted by this court.

### Standard Conditions of Supervision

1) Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4) Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification;

5) Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician.

Case: 3:20-cr-00066-wmc Document #: 41 Filed: 11/25/20 Page 4 of 7

| | DEFENDANT: | JERMAINE D. STAPLETON | |
|---|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: | 0758 3:20CR00066-001 | Judgment - Page 4 |

6) Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered;

7) Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8) Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

10) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

11) Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame; and

12) Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.

**Special Conditions of Release**

13) Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns.

14) Submit person, property, residence, papers, vehicle, or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.

15) Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.

16) Not participate in any form of gambling, including the purchase of lottery tickets, or patronize any gambling facilities and shall participate in a gambling addiction program or individual counseling, as approved by the supervising U.S. Probation Officer.

17) Participate in a substance abuse evaluation and recommended treatment. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall submit to drug testing beginning within 15 days of defendant's release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: JERMAINE D. STAPLETON<br>CASE NUMBER: 0758 3:20CR00066-001 | Judgment - Page 5 |

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them.   I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____         _____
Defendant                                                                      Date

_____         _____
U.S. Probation Officer                                                     Date

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| **Total** | **$100.00** | **$0.00** | **$0.00** |

It is adjudged that the defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing. He agreed to pay this assessment at or before sentencing and he is encouraged to fulfill that agreement to avoid preclusion from programming opportunities in the federal prison system for nonpayment.

The defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and his minor son upon release from custody. Therefore, no fine is imposed.

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT:   JERMAINE D. STAPLETON<br>CASE NUMBER:   0758 3:20CR00066-001 | Judgment - Page 7 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

        (1) assessment;
        (2) restitution;
        (3) fine principal;
        (4) cost of prosecution;
        (5) interest;
        (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.